UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-00036-F-1
No. 7:14-CV-00005-F

**Darius Lamont Galloway**,

       Petitioner,

v.              **Order & Memorandum & Recommendation**

**United States of America**,

       Respondent.

  Petitioner Darius Lamont Galloway, proceeding under 28 U.S.C. § 2255, seeks to vacate the 170-month sentence of imprisonment[1] imposed in connection with his conviction on one count of possession with intent to distribute at least five grams, but less than fifty grams, of cocaine; one count of possession of a firearm by a felon; and one count of possession of a firearm in furtherance of a drug trafficking crime ("Motion to Vacate"). Galloway argues that he is entitled to relief because (1) he was sentenced in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013); (2) his appellate counsel was ineffective; and (3) his trial counsel was ineffective. D.E. 205. The Government argues that Galloway's petition should be dismissed because *Alleyne* is not retroactively applicable to cases on collateral review and both trial counsel's and appellate counsel's actions were reasonable and not prejudicial. D.E. 210. In addition, Galloway filed a Motion to Amend his Motion to Vacate (D.E. 213), in which he alleges two additional grounds to support his claim for relief. D.E. 213. The Government

---

[1] On March 27, 2015, the court reduced Galloway's sentence as to Counts One and Two to 92 months of custody, consecutive to Count Three, for a total sentence of 152 months of imprisonment. D.E. 236.

1

responded with another motion to dismiss. D.E. 221. Galloway also filed a motion for appointment of counsel (D.E. 206), a motion to stay the Government's motion to dismiss (D.E. 214), and a motion to expedite ruling (D.E. 243).

After reviewing the docket and the arguments of the parties, the court determines that Galloway is entitled to amend his Motion to Vacate. However, he is not entitled to counsel because he fails to establish that it is required by the interests of justice. Additionally, it appears that Galloway is not entitled to the relief he seeks because *Alleyne* does not apply retroactively to cases on collateral review and his counsels' actions were reasonable and not prejudicial. Therefore, the undersigned grants[2] Galloway's Motion to Amend (D.E. 213), denies his Motion for Appointment of Counsel (D.E. 206), and denies as moot his Motion to Stay (D.E. 214) and his Motion to Expedite Ruling (D.E. 243). Furthermore, the undersigned recommends that that the court deny Galloway's Motion to Vacate (D.E. 205) and his Amended Motion to Vacate (D.E. 213), and grant the Government's Motions to Dismiss (D.E. 210, 221).

## I. Background

In January 2006, Detective William Little received a tip from an informant, Brent Best, that Galloway was selling narcotics on Best's property. D.E. 92:5–8. On February 2, 2006, Detective Little and Sergeant Steven Worthington acted on the tip and went to Best's residence. *Id.* at 93:21–24. When they arrived, they found two vehicles parked near Best's home—a Honda Accord and a white truck. *Id.* at 95:12–14; 95:23–24; 97:3–8. They also saw that Best was located in the backyard of the property and Galloway was standing near the white truck. *Id.* at 95:23–96:4, 97:3–8. After being asked by law enforcement, Best consented to a search of his residence and his white truck (*id.* at 97:11–18), and Galloway consented to a search of his

---

[2] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

2

Accord (*id.* at 100:19–21). The search of the Accord revealed no contraband, but the search of the white truck revealed marijuana, cocaine, and a handgun in a holster. *Id.* at 36:1–13. Galloway was then handcuffed (*id.* at 37:4–11) and transported to a law enforcement center (*id.* at 111:19–23).

In February 2009, Galloway was tried by a jury and convicted of one count of possession with intent to distribute at least five grams, but less than fifty grams, of cocaine; one count of possession of a firearm by a felon; and one count of possession of a firearm in furtherance of a drug trafficking crime. D.E. 103. At trial, Detective Little testified about the tip Best provided to him. Trial counsel objected on hearsay grounds, but the district court overruled the objection. Joshua Blackburn, who purchased narcotics from Galloway, and Sergeant Worthington also testified at Galloway's trial. Best did not testify.

The court sentenced Galloway on September 10, 2009, to a 300-month prison sentence as to Count One; a 120-month prison sentence as to Count Two, to be served concurrently with the sentence as to Count One; and a 60-month prison sentence as to Count Three, to be served consecutively to the other sentences. D.E. 118. Galloway appealed his conviction and sentence, and the Fourth Circuit Court of Appeals affirmed in part, vacated in part, and remanded in part. D.E. 162. The Fourth Circuit Court of Appeals remanded for resentencing in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

On March 14, 2012, the court re-sentenced Galloway to a total term of imprisonment 170 months: 110 months of imprisonment as to Count One; 110 months of imprisonment as to Count Two, to be served concurrently with the sentence as to Count One; and 60 months of

imprisonment as to Count Three, to be served consecutively to the other sentences.[3] D.E. 178, 181. Galloway again appealed his sentence, which the Fourth Circuit Court of Appeals affirmed on November 16, 2012. D.E. 187. On January 8, 2014, Galloway filed his Motion to Vacate (D.E. 205) and the Government responded by filing a Motion to Dismiss (D.E. 210). Galloway has filed various other motions (D.E. 206, 214, 243), including a motion to amend his petition (D.E. 213). The Government responded to Galloway's motion to amend his petition by filing another Motion to Dismiss (D.E. 222).

**II.    Motion for Appointment of Counsel**

Galloway requests the court to appoint him counsel to represent him in connection with his Motion to Vacate. D.E. 206. There is no constitutional right to counsel in habeas actions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1990). However, the court must appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *United States v. Riley*, 21 F. App'x 139, 141–42 (4th Cir. 2001) (unpublished). Galloway does not show that "the interests of justice" require that he be appointed counsel. Thus, his motion to appoint counsel is denied.

**III.    Motion to Amend Petition**

Galloway seeks to amend his Motion to Vacate to present two additional claims for relief: (1) trial counsel was ineffective for failing to object to a detective's testimony regarding an informant, and (2) the court committed procedural and substantive errors in imposing his sentence. D.E. 213, 213-1. Galloway also reiterates the four grounds for relief named in his Motion to Vacate. D.E. 213-1. In response, the Government filed a second Motion to Dismiss. D.E. 221.

---

[3] On March 27, 2015, the court reduced Galloway's sentence as to Counts One and Two to 92 months of custody, consecutive to Count Three, for a total sentence of 152 months of imprisonment. D.E. 236.

4

A motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2010). A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires[,]" *id.*, the court need not grant a plaintiff leave to amend when "the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quotation omitted). Galloway filed his motion to amend on February 21, 2014, seven days after the Government filed its motion to dismiss. Accordingly, Galloway's motion is timely. The court will therefore grant Galloway's motion to amend and will consider below whether the additional grounds survive the Government's second motion to dismiss.

IV. **Analysis**

    A. **Legal Standard**

In order to prevail on his Motion to Vacate, Galloway must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion. 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a Section 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to Section 2255 motions. Rules Governing § 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

In order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a Section 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Ashcroft*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

      **B.**      **Galloway's Claim Pursuant to *Alleyne***

Galloway, relying on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), argues that he is entitled to relief because the court improperly increased his mandatory minimum sentence by using a preponderance of the evidence standard and by using facts not admitted by Galloway or found by the jury. The Government asserts that Galloway cannot rely on *Alleyne* because *Alleyne* is not retroactively applicable to cases on collateral review. The court agrees and determines that Galloway's Motion to Vacate should be dismissed.

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum penalty for an offense must be submitted to the jury. *Alleyne*, 133 S. Ct. at 2155. *Alleyne* did not change the well-established rule that "[s]entencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as th[e] Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." *United States v. Gomes*, 605 F. App'x 147, 149 (4th Cir. 2015) (quoting *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008)) (internal quotation marks omitted) (alteration in original). Furthermore, *Alleyne* is not retroactively applicable to cases on collateral review. *United States v. Stewart*, 570 F. App'x 171, 172 n.\* (4th Cir. 2013).

Galloway was sentenced on March 14, 2012 (D.E. 178, 181), before the issuance of the *Alleyne* opinion. Additionally, the Fourth Circuit Court of Appeals affirmed Galloway's sentence. D.E. 187 at 3–4. Galloway's Motion to Vacate on these grounds should therefore be dismissed.

7

### C. Galloway's Claim Pursuant to the Sentencing Guidelines

Galloway next contends that the court committed substantive and procedural errors in imposing his sentence because it failed to apply Amendment 591 of the Sentencing Guidelines. According to the Government, Galloway's argument should be dismissed because (1) Galloway appealed his sentence and the Fourth Circuit Court of Appeals affirmed; (2) Galloway procedurally defaulted by not raising this argument on direct appeal; and (3) a challenge to the application of the Sentencing Guidelines is not cognizable on collateral review. The court determines that Galloway's claim should be dismissed because he procedurally defaulted by failing to raise it on direct appeal.

A defendant procedurally defaults on a claim by failing to raise it on direct review. *Bousley v. United States*, 523 U.S. 614, 622 (1998). A defendant may raise a procedurally defaulted claim in habeas only if he "can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'" *Id.* (citations omitted). Cause for a procedural default "turn[s] on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). A defendant demonstrates actual innocence by showing "factual innocence, not mere legal insufficiency," *Bousley*, 523 U.S. at 623, by clear and convincing evidence, *Mikalajunas*, 186 F.3d at 493.

Galloway appealed his sentence to the Fourth Circuit Court of Appeals, arguing, in part, that the court improperly used acquitted conduct to establish his offense level. D.E. 187 at 2–3; Appellate D.E. 17 at 10, 14. He did not assert the current argument—that the court failed to apply Amendment 591 of the Sentencing Guidelines—in his direct appeal. Accordingly, Galloway procedurally defaults on this claim.

8

Galloway argues that his procedural default is excused because he is "actually innocent of the extra-verdict enhancement." D.E. 224 at 6. He also argues that his defense counsel at sentencing and his appellate counsel were ineffective because they failed to "properly investigate the law, facts and the mandate rule in this case." *Id.* at 6. In order to succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's representation was deficient and that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688–89 (1984). Galloway does not assert facts to support his contentions that trial counsel was ineffective at sentencing and that appellate counsel was ineffective during his subsequent appeal.[4] Furthermore, a defendant cannot be "actually innocent" of a misapplication of the guidelines. *Mikalajunas*, 186 F.3d at 494–95. Accordingly, Galloway does not meet the threshold to excuse procedural default and his Motion to Vacate should be dismissed. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318–19 (2012) ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."); *Mikalajunas*, 186 F.3d at 495 (rejecting "Appellees' contention that they have demonstrated actual innocence to excuse their failure to raise on direct appeal a challenge to the application of the § 3A1.3 enhancement" (footnote omitted)).

### D. Galloway's Claims of Ineffective Assistance of Counsel

Galloway claims that his sentence was imposed in violation of the Constitution because his appointed counsel's performance was so inadequate that it violated his right to counsel under

---

[4] Galloway's ineffective assistance of counsel claims are: (1) trial counsel failed investigate information prior to trial; (2) trial counsel failed to object to Blackburn's testimony at trial; (3) trial counsel failed to object to a detective's testimony at the suppression hearing and at trial; and (4) appellate counsel failed to argue that a detective's testimony violated Galloway's Confrontation Clause rights.

9

the Sixth Amendment to the Constitution. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the assistance of counsel for his defense." U.S. Const. amend VI. A defendant's right to assistance of counsel may be violated if his attorney fails to provide adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right applies at all stages of a criminal proceeding, including sentencing. *Mempa v. Rhay*, 389 U.S. 128, 134 (1967); *United States v. Burkley*, 511 F.2d 47, 51 (4th Cir. 1975).

In order to succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's representation was deficient and that the deficiency prejudiced him. *Strickland*, 466 U.S. at 688–89. Deficient representation occurs when "counsel's representation [falls] below an objective standard of reasonableness." *Id.* at 688. Courts are "highly deferential" in their scrutiny and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In order to show prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Galloway asserts that his trial counsel and his appellate counsel violated his Sixth Amendment rights in four specific ways: (1) appellate counsel failed to argue that a detective's testimony violated his Confrontation Clause rights; (2) trial counsel failed to investigate statements made by a government informant; (3) trial counsel failed to object to testimony on the grounds that the defense was not provided with the witness's prior statements; and (4) trial counsel failed to object to a detective's testimony at trial and at a suppression hearing. The Government seeks dismissal of Galloway's motions because he fails to state a claim upon which relief may be granted. The court will address each argument below.

## 1. Appellate Counsel's Failure to Bring Argument on Direct Appeal

Galloway argues that his appellate counsel was ineffective because she failed to argue upon appeal that Detective Little's[5] testimony about an informant's tip violated Galloway's rights under the Confrontation Clause. Although Galloway does not name the informant, it appears from the record that Galloway is referring to Brent Best. *See* D.E. 205 at 4 (asserting that the informant's statements would have established that there was no probable cause for the search); D.E. at 136 at 92:5–93:24, 97:11–18 (testimony stating that probable cause for the search was established by Best's statements to police and that Best consented to the search of his property). Additionally, it is unclear as to which direct appeal is at issue as Galloway directly appealed his sentence and conviction twice—once after his initial sentencing and once after his sentencing upon remand—and was represented by the same attorney in both appeals.

Although appellate counsel did not explicitly argue that the admittance of Detective Little's testimony violated Galloway's Confrontation Clause rights, Galloway fails to show that he was prejudiced by the omission. Galloway asserts that this Confrontation Clause argument would have caused the jury to acquit him (D.E. 205 at 4), not that it would have led the Fourth Circuit Court of Appeals to reverse his conviction. In order to show prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, *the result of the proceeding* would have been different." *Strickland*, 466 U.S. at 694 (emphasis added). For this claim, "the proceeding" is either of Galloway's direct appeals. Because Galloway does not show how the result of either of his direct appeals would have been different, his ineffective assistance of appellate counsel claim should be dismissed.

---

[5] Galloway's Motion to Vacate only refers to "the detective." D.E. 205 at 4. Because Detective Little was the only detective to testify at Galloway's trial, the court presumes that Galloway is referring to Detective Little in his Motion to Vacate.

### 2. Trial Counsel's Failure to Investigate

Galloway argues that his trial counsel was ineffective because he failed to investigate Galloway's claim that the informant told Galloway that he would testify against Galloway "for an undisclosed amount of money." D.E. 205 at 6–7. Although Galloway does not name the informant, it appears from the record that Galloway is again referring to Brent Best. *See* D.E. 205 at 6–7 (asserting that the informant's statements would have established that there was no probable cause for the search); D.E. at 136 at 92:5–93:24, 97:11–18 (testimony stating that probable cause for the search was established by Best's statements to police and that Best consented to the search of his property). The Government argues that this claim should be dismissed because counsel's decision was strategic, entitled to deference, and not prejudicial to Galloway. The court concludes that Galloway's claim should be dismissed because he fails to establish that he was prejudiced by counsel's decision.

Under the Sixth Amendment, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Courts "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. "[W]hen assessing the constitutional adequacy of counsel's investigation, [courts] must inquire whether counsel's decision was 'reasonable[]in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Hill v. French*, 133 F.3d 915, 1997 WL 787126, at *3 (4th Cir. Dec. 24, 1997) (quoting *Strickland*, 466 U.S. at 691) (alteration in original).

Even if the court were to assume that his counsel's actions fell below an objective standard of reasonableness, Galloway cannot succeed on his ineffective assistance claim because he was not prejudiced by this omission. Galloway argues that the result of his trial would have

been different because counsel could have used the statements to impeach Best's character and to establish that there was no probable cause for the search. D.E. 205 at 6–7. However, Best did not testify at Galloway's trial, and his statements were only provided to explain law enforcement's actions. D.E. 136 at 91:2–92:3.

Galloway's argument that Best's statements to him would have established a lack of probable cause for the search is without merit. In order to contest the validity of a search under the Fourth Amendment, a defendant must have a "legitimate expectation of privacy in the area searched." *Rawlings v. Kentucky*, 389 U.S. 347, 351 (1967). A defendant "who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois*, 439 U.S. 128, 134 (1978). A search that occurs after voluntary consent has been obtained is presumptively reasonable. *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). Here, law enforcement conducted three searches: Best's property, Best's vehicle, and Galloway's vehicle. D.E. 136 at 35:5–23, 96:25–97:18, 100:21–101:1. Galloway does not establish that he has standing to contest the search of Best's property or Best's vehicle (D.E. 136 at 27:16–24, 35:5–36:13, 96:25–97:18), and he consented to the search of his car (D.E. 100:21–101:1). Furthermore, Galloway does not contend that his consent was not voluntarily given, or that the search exceeded the scope of the consent. Galloway therefore cannot establish that he was prejudiced by his trial counsel's actions and his claim of ineffective assistance should be dismissed. *See United States v. Pierce*, 959 F.2d 1297, 1303 (5th Cir. 1992) (holding that a defendant "cannot show prejudice resulting from his counsel's performance concerning issues" with a search when he lacks standing to object to the search).

### 3. Trial Counsel's Failure to Object to Blackburn's Testimony

Galloway next argues that his trial counsel was ineffective because he failed to object to Joshua Blackburn's testimony on the grounds that counsel was not given Blackburn's prior statements. Galloway's claim is without merit because the record shows that trial counsel was provided with a handwritten statement made by Blackburn. D.E. 137 at 182 19–23. Even if Galloway's claim had merit, he fails to show that counsel's actions prejudiced him as counsel used the handwritten statement to impeach Blackburn. *Id.* at 183:22–184:7. Furthermore, counsel inquired about additional prior statements during a bench conference and was told that there were none. *Id.* at 182:19–183:2. Accordingly, the court recommends that Galloway's claim of ineffective assistance be dismissed.

### 4. Trial Counsel's Failure to Object to the Detective Little's Testimony

Galloway contends that his trial counsel was ineffective because he failed to object to Detective Little's[6] testimony at trail and at a suppression hearing. The Government responds that Galloway's claim should be dismissed because trial counsel did not perform below an objective standard of reasonableness. The court agrees and determines that counsel acted reasonably at trial and that Galloway was not prejudiced by counsel's actions at the suppression hearing.

Galloway's contention that trial counsel failed to object to Detective Little's testimony at trial is without merit. The record reveals that trial counsel objected to Detective Little's testimony about Best's statements to him as hearsay.[7] D.E. 136 at 91:2–14. The district court

---

[6] Galloway's Motion to Vacate only refers to "the detective." D.E. 213-1 at 5. Because Detective Little was the only detective to testify at Galloway's trial, the court presumes that Galloway is referring to Detective Little in his Amended Motion to Vacate.

[7] Although Galloway does not name the informant in his Amended Motion to Vacate, he states that "[t]he Detective testified about specific information upon which he received from a witness that was not called at the suppression hearing or at trial." D.E. 213-1 at 5. Detective Little

14

overruled the objection, finding that the statements were provided "to show the reason further actions were taken by Mr. Little." D.E. 136 at 91:25–92:2. The Fourth Circuit Court of Appeals upheld the district court's ruling, determining that "the statements were offered to establish why the officers went to Best's home to investigate the possible sale of narcotics." *Id.* Accordingly, trial counsel's actions were within the range of reasonable assistance of counsel.

Additionally, Galloway was not prejudiced by counsel's actions at the suppression hearing. After the suppression hearing, the district court entered an order agreeing with Galloway and suppressing the inculpatory statements made by him after his arrest. D.E. 34 at 3.[8] However, the Fourth Circuit Court of Appeals vacated the district court's order. D.E. 46 at 3. A petitioner demonstrates prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, *the result of the proceeding* would have been different." *Strickland*, 466 U.S. at 694 (emphasis added). In order to show that counsel's actions at the suppression hearing were prejudicial, Galloway would have to argue that the district court should *not* have suppressed his statements. It is doubtful that this is the result Galloway has in mind and his claim of ineffective assistance should be dismissed.

V.  **Conclusion**

For the foregoing reasons, the undersigned grants Galloway's Motion to Amend (D.E. 213) and denies Galloway's Motion for Appointment of Counsel (D.E. 206). The undersigned further denies Galloway's Motion to Stay (D.E. 214) and his Motion to Expedite Ruling (D.E. 243) as moot. Additionally, the undersigned recommends that the court deny Galloway's Motion

---

testified about statements made to him by Best and Best did not testify at Galloway's trial. D.E. 136 at 91:1–92:9. Accordingly, the court presumes that Galloway is referring to Detective Little's testimony about Best's statements.

[8] Galloway did not move the court to suppress statements made before his arrest. D.E. 34 at 2 n.2.

15

Case 7:07-cr-00036-F   Document 249   Filed 04/04/16   Page 15 of 16

to Vacate (D.E. 205) and his Amended Motion to Vacate (D.E. 213), and grant the Government's Motions to Dismiss (D.E. 210, 221).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: April 4, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE