IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-00036-F-1
No. 7:14-CV-00005-F

| | | |
|---|---|---|
| DARIUS LAMONT GALLOWAY, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on Objections [DE-250] to the Memorandum and Recommendation [DE-249] of United States Magistrate Judge Robert T. Numbers, II, regarding the Government's Motions to Dismiss or, in the Alternative, for Summary Judgment [DE-210, -221] as to Darius Lamont Galloway's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-205] and his Amended Motion to Vacate [DE-213]. For the reasons set forth below, the court ADOPTS the recommendation of the Magistrate Judge to DENY Galloway's Motion to Vacate, DENY his Amended Motion to Vacate, and ALLOW the Government's Motions to Dismiss.

**I. Factual and Procedural Background**

On March 28, 2007, Galloway was charged in a single-count indictment. *See* Indictment [DE-1]. Galloway was charged in a three-count superseding indictment on June 7, 2007. *See* Superseding Indictment [DE-21]. In Count One, Galloway was charged with possession with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). Count Two charged Galloway with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). In Count Three, Galloway was charged with possession of a firearm in furtherance of a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

At Galloway's arraignment, held on February 2, 2009, he pled not guilty to Counts One through Three of the Superseding Indictment. Following a two-day trial, the jury returned a verdict of guilty on all three counts.

On September 10, 2009, the court held Galloway's sentencing hearing. Galloway was sentenced to 300 months on Count One, 120 months on Count Two, to be served concurrently, and 60 months on Count Three. *See* Judgment [DE-121]. The term in Count Three was ordered to be served consecutive to the terms in Counts One and Two, producing a total term of 360 months. *See id.*

Galloway filed a Notice of Appeal [DE-119] on September 11, 2009. In an unpublished opinion [DE-162], the Fourth Circuit Court of Appeals affirmed Galloway's convictions, vacated his sentence, and remanded the case for resentencing consistent with *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

On March 14, 2012, the court held Galloway's resentencing hearing and sentenced him to 110 months on Count One, 110 months on Count Two, to be served concurrently, and 60 months on Count Three. *See* Amended Judgment [DE-181]. The term in Count Three was to be served consecutive to the terms imposed in Counts One and Two, producing a total term of 170 months. *See id.*

Galloway filed a Notice of Appeal [DE-179] on March 19, 2012. In an unpublished opinion [DE-187], the Fourth Circuit Court of Appeals affirmed this court's judgment.

On January 8, 2014, Galloway filed his *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-205]. In his § 2255 motion, Galloway argues that he

is entitled to relief because (1) he was sentenced in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013); (2) his appellate counsel provided ineffective assistance of counsel; and (3) his trial counsel provided ineffective assistance of counsel.

On April 4, 2016, the Magistrate Judge issued an Order and Memorandum and Recommendation ("M&R") [DE-249] addressing Galloway's § 2255 motion and related filings. The Magistrate Judge granted Galloway's Motion to Amend [DE-213] and denied Galloway's Motion for Appointment of Counsel [DE-206]. Further, the Magistrate Judge denied Galloway's Motion to Stay [DE-214] and denied as moot his Motion to Expedite Ruling [DE-243]. The Magistrate Judge recommended that the court deny Galloway's Motion to Vacate [DE-205], deny his Amended Motion to Vacate [DE-213], and grant the Government's Motions to Dismiss [DE-210, -221]. On April 25, 2016, Galloway filed Objections [DE-250] to the M&R.

## II. Discussion

### A. The Magistrate Judge correctly found that Galloway failed to state a claim of ineffective assistance by his appellate counsel.

In his first objection, Galloway argues that the Magistrate Judge erred in concluding that he failed to state a claim of ineffective assistance when he alleged that his appellate counsel erred by not arguing that Detective Little's testimony violated his Confrontation Clause rights. Objections [DE-250] at 2.

The Magistrate Judge concluded that Galloway's claim failed under the prejudice prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, to show prejudice under *Strickland*, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

3

different." *Id.* at 694. Galloway alleged that his Confrontation Clause argument would have caused the jury to acquit him. Mot. Vacate [DE-205] at 4. The Magistrate Judge noted that "the proceeding" at issue in Galloway's case was either of his direct appeals, and because Galloway failed to allege that either of his direct appeals would have been different, his ineffective assistance claim should be dismissed.

The court agrees that Galloway failed to sufficiently allege ineffective assistance of counsel. Consequently, this objection is overruled.

## B. The Magistrate Judge correctly found that Galloway is not entitled to relief under *Alleyne*.

In his second objection, Galloway argues that the Magistrate Judge erred in finding that he is not entitled to relief under *Alleyne*. Objections [DE-250] at 3-5. Galloway argues that the court violated *Alleyne* by determining his relevant conduct under a preponderance of the evidence standard. Mot. Vacate [DE-205] at 3.

In *Alleyne*, the Supreme Court concluded that the trial court erred when it imposed a seven-year mandatory sentence on a § 924(c) conviction, on the basis that the jury had not found that the firearm had been brandished. 133 S. Ct. at 2156-58. The Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element of the offense that must be submitted to the jury and found beyond a reasonable doubt. 133 S. Ct. at 2162-63.

The Magistrate Judge noted that *Alleyne* did not change the rule that a sentencing judge may find facts that are relevant to determining a Guidelines range, so long as the Guidelines sentence is treated as advisory and does not exceed the statutory maximum authorized by the jury

4

verdict. *See Alleyne,* 133 S. Ct. at 2163 (emphasizing that its ruling did "not mean that any fact that influences judicial discretion must be found by a jury"); *see also United States v. Booker,* 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."); *United States v. Valdez,* 739 F.3d 1052, 1054 (7th Cir. 2014) (declining to interpret *Alleyne* as overruling *Booker* to require that factual issues related to the determination of the defendant's advisory Guidelines range be submitted to a jury).

The Magistrate Judge also noted that the Supreme Court has not held that *Alleyne* established a new right that is retroactively applicable to cases on collateral review. *See United States v. Stewart,* 540 F. App'x 171, 172 n.1 (4th Cir. 2013); *Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013) (noting that *Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and the Justices have decided other rules based on *Apprendi* do not apply retroactively on collateral review, which implies that the Court will not declare *Alleyne* to be retroactive). The Magistrate Judge further pointed out that the court held Galloway's resentencing hearing on March 14, 2012, which was before the issuance of the Supreme Court's decision in *Alleyne*. Moreover, the Fourth Circuit affirmed Galloway's sentence.

The Magistrate Judge correctly found that *Alleyne* offers Galloway no relief. Consequently, this objection is overruled.

### III. Conclusion

For the foregoing reasons, the court ADOPTS the recommendation of the Magistrate Judge as its own, and for the reasons stated therein, Galloway's Motion to Vacate [DE-205] and his Amended Motion to Vacate [DE-213] are DENIED and the Government's Motions to

5

Dismiss [DE-210, -221] are ALLOWED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. The court has reviewed the arguments raised, and in light of the applicable standard, a certificate of appealability is DENIED.

SO ORDERED.

This the 10 day of May, 2016.

James C. Fox
Senior United States District Judge

6

Case 7:07-cr-00036-F   Document 251   Filed 05/10/16   Page 6 of 6